Dear Chairman Thornton,
¶ 0 This office has received your request for an Attorney General Opinion, in which you asked, in effect, the following question:
 Was it the intent of the Legislature, in enacting the provisions of 74 O.S. 840-2.14 (1995), which authorize the Governor to implement a "freeze in hiring," to have such freeze apply to a State beneficiary public trust created pursuant to 60 O.S. 176 (1995)?
 I. PERSONNEL ACT'S "FREEZE IN HIRING"
¶ 1 To determine the Legislature's intent in enacting the provisions of 74 O.S. 840-2.14 (1994), we must look to the language used in enacting the statute, as "[t]he cardinal rule for construction of statutes is to ascertain the intention of the legislature by consideration of the statutory language." GrandRiver Dam Authority v. State, 645 P.2d 1011, 1018 (Okla. 1982).
¶ 2 The general intent of the Legislature in enacting the provision you inquire about, 74 O.S. 840-2.14 (1995), was articulated in subsection A:
 The intent of the Legislature is to increase
individual agency skill and accountability in managing the costs associated with personnel and in applying controls that will enhance the ability of the State of Oklahoma to manage the overall costs of human resources as efficiently as possible, while continuing to maintain fairness to employees.
74 O.S. 840-2.14(A) (1995) (emphasis added).
¶ 3 The next two subsections of 74 O.S. 840-2.14 (1995) require "[a]ll agencies, boards and commissions" to report all employee reallocation decisions, all adjustments to pay grade, salary adjustments, and all transactions involving the establishment of new positions not specifically authorized by legislation:
 B. All agencies, boards, and commissions shall report all reallocation decisions for both classified and unclassified positions and all adjustments to pay grades or salary assignments for classes in the unclassified service to the Office of Personnel Management on a quarterly basis. The Office of Personnel Management shall submit the quarterly reports to the Governor, the President Pro Tempore of the Senate, and the Speaker of the House of Representatives, along with an analysis of statewide reallocation decisions.
 C. All agencies, boards and commissions shall report to the Office of Personnel Management on a quarterly basis all transactions in both the classified and unclassified service involving the establishment of new positions that have not been authorized specifically by legislative action. The Office of Personnel Management shall forward the quarterly reports to the Governor, President Pro Tempore of the Senate, and Speaker of the House of Representatives, accompanied by an analysis of agency decisions concerning such positions.
74 O.S. 840-2.14 (1995) (emphasis added).
¶ 4 The freeze in hiring you inquire about is provided for in subsection D of Section 74 O.S. 840-2.14(d).
 As a further control on human resource costs, the Governor may declare a financial emergency or implement a freeze in hiring, by declaring this section to be in effect, provided, however, the University Hospitals Authority, including all hospitals or other institutions operated by the University Hospitals Authority, shall not be subject to the provisions of this subsection.
74 O.S. 840-2.14(D) (1995) (emphasis added).
¶ 5 A reading of the language of the section as a whole makes it clear that it was the intent of the Legislature that the hiring freeze provisions apply to all State "agencies, boards and commissions" within the executive branch of State government,
with the exception of "the University Hospitals Authority, including all hospitals or other institutions operated by" that authority. The term "agency" as used in the Oklahoma Personnel Act,[1] of which Section 840-2.14 is a part, is defined as:
 "Agency" means any office, department, board, commission or institution of the executive branch of state government[.]
74 O.S. 840-1.3(1) (emphasis added).
¶ 6 To determine whether the provisions of 74 O.S. 840-2.14
(1995) and the hiring freeze provided for in that statute apply to a public trust formed under the provisions of 60 O.S. Supp. 1995, 176, we must determine whether the Legislature intended that such a trust be considered an agency of the executive branch of State government. If such a trust is not considered an agency of the executive branch of State government, the statute and its hiring freeze does not apply to such trust.
 II. NATURE OF PUBLIC TRUSTS FORMED UNDER 60 O.S. 176 (1995)
¶ 7 A review of 60 O.S. 176 through 180, clearly demonstrate that the Legislature did not intend for public trusts to be part of the executive branch of State government. First, 60 O.S.176.1(A) (1995), specifically provides that a public trust is a distinct entity from the governmental entity that is its beneficiary. The section also indicates that this presumption of law — the presumption of separateness — should apply for all
purposes of Oklahoma law:
 Except as provided in subsection F of this section and if the conditions set out in subsection B of this section are satisfied in compliance with Section 176 et seq. of Title 60 of the Oklahoma Statutes, a public trust duly created in accordance with the provisions of Section 176 et seq. of Title 60 of the Oklahoma Statutes shall be presumed for all purposes of Oklahoma law to:
1. Exist for the public benefit;
 2. Exist as a legal entity separate and distinct from the settlor and from the governmental entity that is its beneficiary[.]
60 O.S. 176.1(A) (1995) (emphasis added).
¶ 8 The Legislature's intent that a government beneficiary public trust be separate from the governmental entity that is its beneficiary is made clearest at 60 O.S. 176.1(D) (1995). This provision requires that the affairs of the public trust and its beneficiary shall for all matters or activities be separate and independent, specifically requiring that a public trust's budget, expenditures, revenues, and general operation be separate from that of its beneficiary's:
Except where the provisions of the trust indenture or of Section 176 et seq. of Title 60 of the Oklahoma Statutes, or of any other law written specifically to govern the affairs of public trusts, expressly requires otherwise, the affairs of thepublic trust shall be separate and independent from the affairsof the beneficiary in all matters or activities authorized by the written instrument creating such public trust including, butnot limited to, the public trust's budget, expenditures,revenues and general operation and management of its facilitiesor functions; provided, that either the public trust or the beneficiary may make payment of money to the other unless prohibited by the written instrument creating such public trust or by existing state law.
60 O.S. 176.1(D) (1995) (emphasis added).
¶ 9 The Oklahoma Personnel Act's definition of "agency" is not the ordinary, common parlance definition of that term; rather, it is a special legislative definition that is to be used for the purposes of the Personnel Act. Under that special definition, in order to constitute an "agency" of the State — an entity must be an "office, department, board, commission or institution of the executive branch of state government." 74O.S. 840-1.3(1) (1995). The provisions of Title 60 quoted above, demonstrate that a public trust is not intended to be an entity in the executive branch of State government. This being the case, a public trust formed under the provisions of 60 O.S. 176
(1995) does not fall within the Oklahoma Personnel Act's special definition of "agency." Accordingly, the hiring freeze provisions of the Personnel Act at 74 O.S. 840-2.14 (1995) do not apply to such public trusts.
¶ 10 This analysis does not mean, however, that there is no relationship between a public trust and its beneficiary. The trustees of a public trust are "public officers" under the provisions of 60 O.S. 178(A) (1991). Additionally, 60 O.S.179 (1991) requires that the instrument or will creating a public trust must provide that the trustees of the public trust are "an agency of the state . . . for the performance of the functions for which the trust shall have been created." The term "agency" in this provision, is used in its ordinary sense — to mean agent — and not in the specialized sense used in the Oklahoma Personnel Act's legislatively imposed definition. Public trusts, have also been found to be "public agencies" as that term is used in the Interlocal Cooperation Act, 74 O.S. 1001 to 1008. Attorney General Opinions 71-372 and 86-71.
¶ 11 Furthermore, in Attorney General Opinion 80-145, the Attorney General concluded that the conflict of interest provisions of Article X, Section 11 of the Oklahoma Constitution apply to officers of a public trust. In reaching this conclusion, the Attorney General opined that a public trust is an agency of the State and that therefore its trustees are public officers of an agency of the state subject to the Constitution's conflict of interest provisions. In doing so, the Attorney General painted with too broad a brush when stating that "a public trust is an agency of the state with the same legal status as any other agency of the state." This broad conclusion overstated the law. Accordingly, to the extent Opinion 80-145, can be understood to conclude that a State beneficiary public trust is for all purposes an agency of the State, that Opinion is withdrawn.
¶ 12 As we have seen, public trusts do not fall within the special definition of "agency" contained in the Oklahoma Personnel Act. Thus, the hiring freeze provisions of the Act contained in 74 O.S. 840-2.14 (1995) do not apply to a State beneficiary public trust.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. State beneficiary public trusts created under the provisions of 60 O.S. 176 (1995) are not "agencies of the State," as that term is defined in the Oklahoma Personnel Act at 74 O.S. 840-1.3(1) (1995).
 2. Accordingly, such State beneficiary public trusts are not governed by the provisions of the Oklahoma Personnel Act, 74 O.S. Supp. 1995, 840-1.1 to 840-6.9.
 3. Because State beneficiary public trusts created under the provisions of 60 O.S. 176 (1995) do not fall within the Oklahoma Personnel Act's definition of "agency" the hiring freeze provisions of the Oklahoma Personnel Act, contained in 74 O.S. 840-2.14 (1995), do not apply to such State beneficiary public trusts.
 4. Attorney General Opinion 80-145 is withdrawn.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] Oklahoma Personnel Act, 74 O.S. Supp. 1995, §§ 840-1.1[74-840-1.1] to 840-6.9 (as renumbered from 74 O.S. 1991, §§ 840.1[74-840.1] to 841.24).